IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE CITY

| | |
|---|---|
| ARMSTRONG KIMARO<br>2007 JUBILEE COURT<br>BALTIMORE, MD 21214<br><br>*on his own behalf and on behalf of<br>all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>BSD COLLECTIONS, INC.<br>2833 SMITH AVENUE, SUITE #151<br>BALTIMORE, MD 21209<br>**Serve On:** Bart Garry<br>6027 Woodcrest Avenue<br>Baltimore, MD 21209<br><br>and<br><br>BART GARRY<br>D/B/A LAW OFFICE OF BART GARRY<br>2833 SMITH AVENUE, SUITE #151<br>BALTIMORE, MD 21209<br>**Serve On:** Bart Garry<br>6027 Woodcrest Avenue<br>Baltimore, MD 21209<br><br>Defendants. | **JURY TRIAL REQUESTED**<br><br><br><br>Case No. _____<br><br>15 JAN 15 PM 1:02<br>CIVIL DIVISION |

## CLASS ACTION COMPLAINT

Plaintiff Armstrong Kimaro ("Kimaro"), on his own behalf and on behalf of all others similarly situated, through his attorney Cory L. Zajdel of Z LAW, LLC, hereby submits this Class Action Complaint against BSD Collections, Inc. ("BSD Collections") and Bart Garry d/b/a Law Office of Bart Garry ("Bart Garry"), and states:

I. **INTRODUCTION**

1. This Complaint is filed and these proceedings are instituted under the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") and the *Maryland Consumer Debt Collection Act*, MD. CODE ANN., COMM. LAW § 14-201 *et seq.* (hereinafter "MCDCA") to recover actual and statutory damages, reasonable attorney's fees, costs of suit and to void judgments and liens due to Defendant's violations of Maryland and Federal law.

2. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The state of Maryland passed the MCDCA, a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

4. Defendants are a Maryland corporation and an individual actively participating in collecting debts from consumers located in Maryland.

5. Defendant BSD Collections is an entity that acquires defaulted consumer debt that is bought for a few cents on the dollar.

6. Defendant Bart Garry is a debt collection attorney that attempts to collect debts on behalf of BSD Collections.

2

7. On information and belief, Defendant Bart Garry is the sole owner and operator of BSD Collections.

8. Defendants attempt to collect debts from Maryland consumers through the United States mails and by filing debt collection law suits in Maryland's District Courts.

9. Defendants conduct business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers.

10. Defendant Bart Garry purchases debt in the name of Defendant BSD Collections.

11. Defendant BSD Collections then refers all collection activity to Defendant Bart Garry as a lawyer for Defendant BSD Collections.

12. Defendants regularly communicate with Maryland consumers while at the same time unfairly and deceptively refusing and failing to comply with Maryland licensing laws regulating collection agencies.

13. The communications from Defendants to Plaintiff and the Class were generally contradictory, inaccurate and misleading.

14. Kimaro institutes this class action against Defendants on his own behalf and on behalf of all others similarly situated for violations of statutory, common law and contractual obligations and seeks to recover actual damages, statutory damages, interest, attorney fees, the costs of this action and to void each judgment and lien entered against each Class Member against Defendants for multiple violations of FDCPA, MCDCA, MCPA and Maryland common law.

## II. PARTIES

15. Plaintiff Armstrong Kimaro is a natural person currently residing at 2007 Jubilee Court, Baltimore, Maryland 21214, is a "consumer" as that term is defined by 15 U.S.C. §

3

1692a(3) and MD. CODE ANN., COMM. LAW § 13-101 and took part in a "consumer transaction" as that term is defined by MCDCA § 14-201(c).

16. Defendant BSD Collections is a corporation formed under the laws of the state of Maryland with a business address registered with the state as 911 N. Charles Street, Baltimore, MD 21201. On information and belief, BSD Collections is operated out of 2833 Smith Avenue, Suite #151, Baltimore, MD 21209.

17. At all times relevant to this Complaint, BSD Collections transacted business in the District of Maryland and at other locations throughout Maryland, operating as a collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA § 14-201(b) and (d).

18. BSD Collections is a "collection agency" as defined by MD. CODE ANN., BUS. REG. § 7-101(c).

19. Defendant Bart Garry is an individual that operates under the trade name Law Office of Bart Garry with a business address registered with the state of 911 N. Charles Street, Baltimore, MD 21201. On information and belief, Bart Garry is operated out of 2833 Smith Avenue, Suite #151, Baltimore, MD 21209.

20. At all times relevant to this Complaint, Bart Garry transacted business in the District of Maryland and at other locations throughout Maryland, operating as a law firm, collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA § 14-201(b) and (d).

21. Bart Garry is a "collection agency" as defined by MD. CODE ANN., BUS. REG. § 7-101(c).

22. On information and belief, Bart Garry in the sole owner of BSD Collections.

4

## III. JURISDICTION AND VENUE

23. Jurisdiction of this Court arises under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

24. This Court has personal jurisdiction over BSD Collections pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as BSD Collections systematically and continually transacts business in Maryland, maintains an office in Maryland, the case arises out of a transaction that took place within Maryland, BSD Collections contracts to supply services in Maryland and files lawsuits in Maryland's State Court System.

25. This Court has personal jurisdiction over Bart Garry pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(1)-(3), as Bart Garry systematically and continually transacts business in Maryland, maintains an office in Maryland, the case arises out of a transaction that took place within Maryland, Bart Garry contracts to supply services in Maryland and files lawsuits in Maryland's State Court System.

26. Venue is proper in this Court because Defendants regularly transact business in Baltimore City and the lawsuit underlying this Complaint was filed and maintained in Baltimore City.

## IV. FACTUAL ALLEGATIONS

27. At some point in time, Kimaro applied for consumer credit in the form of a subprime interest rate loan from Aaron's in Dundalk.

28. Aaron's in Dundalk provided the subprime interest rate loan and required Kimaro to pay in monthly installments.

29. The subprime interest rate loan was a financial obligation and consumer debt that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), MD. CODE ANN., COMM. LAW §§ 13-101(d) and 14-201(c).

5

30. Kimaro was unable to repay the subprime interest rate loan from Aaron's in Dundalk and subsequently defaulted on the account.

31. Subsequent to Plaintiff Kimaro' default on the subprime interest rate loan, Defendant BSD Collections acquired the rights to collect on the account for a few cents on the dollar.

32. Beginning on or around January 30, 2014, Defendant BSD Collections through its attorney Defendant Bart Garry, began communicated with Plaintiff Kimaro in writing through the United States mails in an attempt to collect on the alleged debt.

33. Defendant BSD Collections through its attorney Bart Garry filed a collection action in the District Court of Maryland for Baltimore City docketed as Case Number 010100023572014 (hereafter "Small Claims Lawsuit") against Plaintiff on January 30, 2014 in an attempt to have a judgment entered against Plaintiff for the alleged debt on the Aaron's in Dundalk subprime interest rate loan account.

34. The Small Claims Lawsuit sought to recover amounts alleged to be due and owing on the Aaron's in Dundalk subprime interest rate loan account, along with pre-judgment interest and in costs.

35. Plaintiff Kimaro was served with the Small Claims Lawsuit Complaint on or around February 23, 2014.

36. Defendant BSD Collections through Defendant Bart Garry was awarded an affidavit judgment on April 17, 2014 totaling more than one thousand dollars ($1,000.00).

37. After BSD Collections was awarded the judgment, BSD Collections through Defendant Bart Garry began garnishing wages through the Small Claims Lawsuit.

6

38. BSD Collections and Bart Garry were successful in recovering the entirety of the judgment through wage garnishments in the Small Claims Lawsuit.

39. Defendant BSD Collections and Bart Garry were licensed to attempt to collect debts from 606 Bosley Avenue, Suite 3B, Towson, MD 21204 when the Small Claims Lawsuit was filed, during all times relevant to the collection activities described herein.

40. Defendant BSD Collections and Bart Garry were not licensed to attempt to collect debts from any other location during all relevant times.

41. On information and belief, BSD Collections and Bart Garry were operated out of addresses other than the address it was licensed to conduct collection business from - namely 2833 Smith Avenue, #151, Baltimore, MD 21209.

42. At all times relevant to this Complaint, when Defendant BSD Collections and Bart Garry attempted to collect the consumer debts from Plaintiff Kimaro and the Class, Defendant BSD Collections and Bart Garry lacked the authority to conduct such business in Maryland.

43. Defendant BSD Collections is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated because Defendant BSD Collections purchases, acquires or services consumer debt after the debt is in default.

44. Defendant Bart Garry is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated because Defendant Bart Garry services consumer debt after the debt is in default and files lawsuits attempting to collect defaulted consumer debts in Maryland state courts.

45. A "collection agency" is required to be licensed by the appropriate Maryland state agency for each location it will collect debts from.

46. Defendant BSD Collections was not licensed as a "collection agency" from 2833 Smith Avenue, #151, Baltimore, MD 21209 during all dates relevant to this Complaint.

47. Defendant Bart Garry was not licensed as a "collection agency" from 2833 Smith Avenue, #151, Baltimore, MD 21209 during all dates relevant to this Complaint.

48. Every collection effort in Maryland by Defendant BSD Collections and Bart Garry is an unfair and deceptive trade practice, a violation of the FDCPA, MCDCA and MCPA.

49. Every collection law suit filed by Defendant Bart Garry on behalf of Defendant BSD Collections is an unfair and deceptive trade practice, violation of the FDCPA, MCDCA and MCPA.

50. While attempting to collect the alleged debt from Plaintiff and the Class, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

51. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiff and the Class he seeks to represent has sustained actual damages, statutory damages.

52. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Defendants caused illegal judgments and liens to be placed against Named Plaintiff and the Class and collected monies from Named Plaintiff and the Class that it was not entitled to collect.

V. **CLASS ACTION ALLEGATIONS**

53. Plaintiff Kimaro brings this action on behalf of a Class which consists of:

8

**All persons sued by BSD Collections, Inc. in Maryland state court.**

Excluded from the Class are those individuals who now are or have ever been executives of the Defendants and the spouses, parents, siblings and children of all such individuals.

54. The Class, as defined above, is identifiable. The Named Plaintiff is a member of the Class.

55. The Class consists, at a minimum, of more than two hundred borrowers who were subjected to collection efforts by Defendant Bart Garry acting as attorney for BSD Collections, and is thus so numerous that joinder of all members is clearly impracticable. MD. R. 2-231(a)(1).

56. There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members. MD. R. 2-231(a)(2).

57. The common and predominating questions include, but are not limited to:

(a) Whether BSD Collections and Bart Garry lacked legal standing to file collection lawsuits against the Plaintiff Class;

(b) Whether the Court may declare the BSD Collections judgments against the Plaintiff Class members void;

(c) Whether BSD Collections and Bart Garry acted as collection agencies in Maryland during all relevant times;

(d) Whether BSD Collections and Bart Garry undertook collection activities from 2833 Smith Avenue, #151, Baltimore, MD 21209 during all relevant times; and

(e) Whether BSD Collections and Bart Garry were licensed to act as a collection agency in Maryland from 2833 Smith Avenue, #151, Baltimore, MD 21209 during all relevant times.

58. Claims of Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of MD. R. 2-231(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of Defendants.

59. Plaintiff will fairly and adequately protect the interests of the Class within the meaning of MD. R. 2-231(a)(4).

60. Plaintiff is committed to vigorously litigating this matter.

61. Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

62. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

63. Defendants' actions are generally applicable to the respective Class as a whole, and Plaintiff seeks equitable remedies with respect to the Class as a whole within the meaning of MD. R. 2-231(b)(2).

64. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class. MD. R. 2-231(b)(3).

65. A class action is the superior method for fair and efficient adjudication of the controversy. MD. R. 2-231(b)(3).

66. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

67. Plaintiffs' counsel is experienced in class actions, and foresees little difficulty in the management of this case as a class action.

10

V. **CAUSES OF ACTION**

**COUNT I**
**(FAIR DEBT COLLECTION PRACTICES ACT)**

68. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

69. While attempting to collect the alleged debt from Named Plaintiff and the Class, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of numerous provisions of the FDCPA.

70. FDCPA violations include, but are not limited to: 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

71. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior in violation of the FDCPA, Plaintiff and the Class have sustained actual damages and are entitled to statutory damages, costs and attorneys' fees.

**COUNT TWO**
**(MARYLAND CONSUMER DEBT COLLECTION ACT)**

72. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

73. MCDCA states that a "collector" while collecting or attempting to collect a debt may not:

- communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor, § 14-202(6);

11

- claim, attempt, or threaten to enforce a right with knowledge that the right does not exist, § 14-202(8); and

- use a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not, § 14-202(9).

74.     As a "collector" and "person" under the MCDCA § 14-201(b) and (d), Defendants and its agents and employees are prohibited from performing or failing to perform any action described above and from abusing or harassing Plaintiff and the Class while collecting or attempting to collect an alleged debt.

75.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA § 14-202.

76.     As a result of Defendants' harassing and abusive debt collection practices in violation of the MCDCA, Defendants have caused Plaintiff and the Class actual damages in the form of payments or garnishments on judgments entered in Maryland state courts and are entitled to costs and attorneys' fees.

## COUNT THREE
## (MARYLAND CONSUMER PROTECTION ACT)

77.     Plaintiff re-alleges and incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

78.     MCPA prohibits any "person" from engaging in any unfair or deceptive trade practices, *inter alia*, in the extension of consumer credit and in the collection of consumer debts. §§ 13-303(3) and (4).

79.     As a "person" under the MCPA § 13-101(h), Defendants are prohibited from

12

engaging in unfair and deceptive trade practices.

80.  The MCPA § 13-301(1), specifically prohibits Defendants from making any false or misleading oral or written statement or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers.

81.  The MCPA § 13-301(3), further prohibits Defendants from failing to state a material fact if the failure deceives or tends to deceive.

82.  In violation of the MCPA §§ 13-303(3) - (4) and § 13-301(1), Defendants told Named Plaintiff and the Class in writing that BSD Collections had the authority to file collection actions in Maryland state courts.

83.  These written statements were false and misleading and tended to and did deceive Named Plaintiff and the Class who made payments to Defendants or allowed Defendants to collect money on Class members' accounts which were not due and owing.

84.  In violation of the MCPA §§ 13-303(3) - (4) and § 13-301(3), Defendants failed to disclose to Named Plaintiff and the Class that BSD Collections was not entitled to file collection law suits in Maryland.

85.  This failure to disclose material facts led Named Plaintiff and the Class to make payments or allowed Defendants to collect money on Class members' accounts which were not due and which they would not have made or allowed Defendants to keep had Defendants informed them of the material facts.

86.  BSD Collections' violation of MCDCA as alleged herein is a *per se* violation of the MCPA.

87.  As a result of Defendants' unfair and deceptive trade practices in violation of the MCPA, Named Plaintiff and the Class were induced to make payments to Defendants, allowed

Defendants to collect funds that belonged to the Class, causing Named Plaintiff and the Class injury and loss entitling Named Plaintiff and the Class to actual damages, costs and attorneys' fees.

## COUNT FOUR
## (UNJUST ENRICHMENT)

88. Plaintiff re-alleges and incorporates by reference the allegations of this Complaint as though fully stated herein.

89. As set forth above, Defendants assessed consumer debts, collected payments, and obtained judgments to which they were not entitled by law, which conferred a substantial benefit on Defendants.

90. Defendants were aware of, and had knowledge of, this substantial benefit.

91. By doing so, Defendants have come into the possession of money in the form of payments and garnishments that it had, and has no right to at law or in equity.

92. It would be inequitable for Defendants to retain any such monies to which it had no legal right.

93. As a consequence, Named Plaintiff and Class Members have been damaged.

## COUNT FIVE
## (DECLARATORY JUDGMENT)

94. Plaintiff re-alleges and incorporates by reference the allegations of this Complaint as though fully stated herein.

95. Named Plaintiff seeks a declaration on his own behalf and on behalf of all Class Members that the judgments obtained by Defendant BSD Collections against Named Plaintiff and all Class Members are void and unenforceable since they were obtained when it was acting unlawfully as an unlicensed collection agency.

96. Defendant BSD Collections should be ordered to disgorge all amounts collected from Class Members on the judgments entered improperly against Named Plaintiff and the Plaintiff Class.

97. Defendant BSC Collections should also be enjoined from attempting to collect any amounts from Named Plaintiff and Class Members and should be ordered to cease and desist and collection actions through the Maryland state courts.

**WHEREFORE**, Plaintiff prays that this Court enter an Order:

- certifying the Class under Md. R. 2-231(b)(2) and (b)(3);

- declaring that the judgments obtained by Defendant BSD Collections against Named Plaintiff and all Class Members are void and unenforceable;

- declaring that the Defendants' actions as described above are in violation of the FDCPA, MCDCA and MCPA;

- awarding actual damages pursuant to 15 U.S.C. § 1692k against Defendants;

- awarding statutory damages pursuant to 15 U.S.C. § 1692k against each Defendant not to exceed $500,000 per Defendant;

- awarding costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k against each Defendant;

- awarding actual damages pursuant to MCDCA, § 14-203 against each Defendant;

- awarding actual damages, reasonable attorneys' fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii));

- awarding restitution to all Class Members in an amount to be determined at trial;

- awarding pre-judgment and post-judgment interest; and

15

- awarding such other relief this Court deems just and equitable.[1]

Respectfully submitted,

Z LAW, LLC

Dated: January 14, 2015

Cory L. Zajdel, Esq.
301 Main Street, Ste. #2-D
Reisterstown, MD 21136
(443) 213-1977
clz@zlawmaryland.com

Attorney for Plaintiff and the Class

---

[1] Pursuant to Md. Rule 2-305, Kimaro states that his individual claim does not exceed seventy four thousand nine hundred ninety nine dollars and ninety nine cents ($74,999.99). Kimaro further states generally that the amount he seeks to recover on behalf of the Class he seeks to represent exceeds seventy five thousand dollars ($75,000.00).

## JURY TRIAL

Plaintiff Armstrong Kimaro demands trial by jury.

_____
Cory L. Zajdel